**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUANITA SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 25-cv-09118<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juanita Scott sues Defendant Experian Information Solutions, Inc. ("Experian"). Plaintiff alleges violation of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681e(b). Defendant Experian moves to dismiss the one count Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

For the reasons stated herein, Experian's Motion to Dismiss [12][13] is granted.

## I. Background

The following factual allegations are taken from the operative complaint [15] and accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Additionally, because Defendant raises this motion under Rule 12(b)(6), the Court accepts facts from "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

On or about December 20, 2024, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 24-19001). [1] at ¶ 49. On or about March 25, 2025, Plaintiff received an order of discharge. *Id.* at ¶ 50. According to Plaintiff, she was not personally liable for her dischargeable debts incurred prior to December 20, 2024. *Id.* at ¶ 51. All dischargeable debts carried zero-dollar balances after the bankruptcy discharge. *Id.*

Experian prepared consumer reports on July 2, 2025, concerning Plaintiff after the discharge occurred. *Id.* at ¶¶ 52–53. In the public records section of Plaintiff's credit report, Experian included information regarding Plaintiff's Chapter 7 bankruptcy discharge and included several of Plaintiff's accounts as discharged in bankruptcy, or with a zero-dollar balance. *Id.* at ¶¶ 54–55. However, Experian continued to report an OppLoans account balance, which pre-dated Plaintiff's Chapter 7 filing. *Id.* at ¶ 61. Plaintiff alleges that the OppLoans account was included in her bankruptcy and was discharged on March 25, 2025, and Experian inaccurately reported the account as a "charge-off" with a "past due" balance and in "collections". *Id.* at ¶¶ 62–63.

On information and belief, the OppLoans Account Furnisher, who received notice of the bankruptcy discharge, furnished information to Experian to indicate the OppLoans Account was included or discharged in Plaintiff's bankruptcy and was not subject to further collection efforts. *Id.* at ¶ 67. However, Experian rejected that information. *Id.* In the alternative, Plaintiff alleges that Experian knew from past experience that OppLoans furnishes inaccurate information regarding discharged

debt or historically fails to employ reasonable procedures to ensure it reasonably updates consumer debts after a Chapter 7 Bankruptcy is discharged. *Id.* at ¶ 68. As a result of Experian's erroneous reporting, Plaintiff's credit scores decreased and she received credit denials. *Id.* at ¶ 82. Plaintiff did not contact Experian regarding this issue and instead filed the instant case on August 5, 2025. *See e.g.*, [1].

Experian moves to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), arguing that Plaintiff (1) failed to plead a factual inaccuracy as a threshold matter, and (2) failed to show that the inaccuracy was due to Experian's failure to follow reasonable procedures under the statute. [13] at 6–14.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not

necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Analysis

Experian argues that (1) determining whether Plaintiff's OppLoans account was discharged in bankruptcy requires application of law to fact, which is outside its purview as a credit reporting agency ("CRA") and (2) Plaintiff failed to show that any alleged inaccuracy was due to Experian's failure to follow reasonable procedures. [13] at 5–14. Plaintiff responds that (1) § 1681e(b) imposes an independent duty that does not require consumer notice, and (2) Experian failed to follow reasonable procedures. [15] at 5–13. For the reasons stated below, the Court agrees with Defendant and dismisses the Complaint with prejudice.

### A. The Status of Plaintiff's OppsLoan Account Requires Legal Analysis.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of*

*Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also* 15 U.S.C. § 1681. The statute therefore imposes distinct obligations on Credit Reporting Agencies ("CRAs") such as Experian. *See* 15 U.S.C. § 1681e(b) (requiring CRAs to follow "reasonable procedures to assure maximum possible accuracy" of information when preparing consumer reports). To state a claim under the statute, a plaintiff must show her file contains factually inaccurate information. *Chuluunbat v. Equifax Info. Sols., Inc.*, 4 F.4th 562, 566–67 (7th Cir. 2021) ("A threshold requirement for claims under [§ 1681e(b)] is that there must be an inaccuracy in the consumer's credit report.").

As the Seventh Circuit has explained, not all allegations of inaccuracy are cognizable under the FCRA's provisions. *E.g.*, *Denan v. Trans Union LLC*, 959 F.3d 290, 292, 297 (7th Cir. 2020). Questions that "constitute legal determinations [are] solely within the purview of courts, not CRAs." *Grenadyor v. Discovery Fin. Servs.*, 2024 WL 1254572, at *2 (N.D. Ill. Mar. 25, 2024) (citing *Chuluunbat*, 4 F.4th at 568 and *Denan*, 959 F.3d at 297). "[T]he central question is whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone." *Chuluunbat*, 4 F.4th at 568 (emphasis in original). Said another way, the issue is "whether Experian should have discerned that [Scott]'s mortgage had been discharged based on available records." *Sykes v. Experian Info. Sols., Inc.*, 2026 WL 2198314 (7th Cir. 2026) (citing *Chuluunbat*, 4 F.4th at 568).

Plaintiff alleges that following the discharge order of her Chapter 7 bankruptcy, Experian failed to update Plaintiff's OppsLoans account and continued to report it as delinquent with outstanding and past due balances, in violation of §

1681e(b). [15] at 2, 5–13. This claim, Experian argues, requires analysis of the legal effect of the bankruptcy court's discharge order and whether it extinguished the OppsLoan debt at issue, a "pure question of law." [13] at 7–8. Plaintiff counters that a CRA's assessment of a discharge order is factual in nature. [15] at 5–11. Experian is correct.

The Court is not the first in this district to consider the "murky boundary between law and fact" for § 1681e(b) claims. *Chuluunbat*, 4 F.4th at 565 (internal marks removed). In *Denan v. Trans Union LLC*, the court held that resolving plaintiff's central allegation—that the disputed debt had been illegally issued—would require the resolution of legal issues including whether state lending laws rendered plaintiff's loans void. 959 F.3d 290, 295 (7th Cir. 2020). So too in *Chuluunbat*, where the plaintiffs contested the validity of the sale of plaintiffs' debts to another creditor. 4 F.4th at 565–66; *see also Soyinka v. Wakefield & Assocs.*, 2021 WL 7179114 (N.D. Ill. Nov. 24, 2021) (same). The *Chuluunbat* court ruled that resolving the alleged inaccuracies in plaintiffs' credit reports would "necessarily involve interpreting legal rights to a debt and making legal judgments" regarding the legal relationship of different parties to the debts. *Id.* at 568–69. CRAs are not competent to make such determinations. *Id.*

Neither *Chuluunbat* nor *Denan* dealt with claims that a debt included in a credit report is not in fact owed. The Seventh Circuit recently addressed this scenario in *Sykes v. Experian Information Solutions, Inc.*, — F.4th —, 2026 WL 2198314 (7th Cir. 2026). There, as here, the plaintiff alleged that Experian reported an outstanding

debt obligation notwithstanding the fact plaintiff's debt was subject to a discharge order. *Id.* at *2. In affirming the district court's dismissal, the Seventh Circuit reasoned that the scope of the discharge order required applying law to facts because the status of the debt at issue was not apparent on the face of the order, which expressly cautioned that determining the scope of discharge would require legal analysis. *Id.* at *3–4. The posture of Plaintiff's case is nearly identical,[1] as is the text of the discharge order.[2] Both orders: (1) caution that "[m]ost debts are covered by the discharge, but not all;" (2) list examples of debts not discharged; (3) and suggest that viewers "should consult an attorney to determine the exact effect of the discharge." *Id.* at *1; *In re Scott*, Case No. 24-19001, Dkt. 19, at 1–2 (Bankr. N.D. Ill. Mar. 25, 2025).

As in *Sykes*, Plaintiff's claims hinge on the determination of whether his debt to OppsLoan was discharged. This determination requires legal analysis and applying bankruptcy law, a task that "exceeds the competencies of consumer reporting agencies." *Sykes v. Experian Info. Sols., Inc.*, 2026 WL 2198314, at *3 (7th Cir. 2026) (quoting *Denan*, 959 F.3d at 295). The question of whether a debt is owed could present a question of fact in certain circumstances, but under *Sykes*,

[1] Plaintiff argues that *Sykes* is inapposite because the bankruptcy at issue fell under Chapter 13 as opposed to Chapter 7. [15] at 9. But the exact mechanism through which the underlying bankruptcy action was brought is of no effect to the outcome. The analysis in *Sykes* focused on the language of the discharge order, not on the distinctions between Chapters 7 and 13 and Chapter 13's anti-modification provision, *contra* [15] at 9. It is clear that a CRA's capacity to parse a discharge order's meaning is the same in both contexts regardless of which chapter the underlying bankruptcy was brought.

[2] Neither party attached Plaintiff's bankruptcy discharge order. However, the Court takes judicial notice of this public court record and associated filings. *See Fox v. Am. Alt. Ins. Corp.*, 757 F.3d 680, 684 (7th Cir. 2014); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (FCRA case taking judicial notice of public court documents in deciding the defendants' motion to dismiss).

determining the scope of the discharge order requires legal analysis. *See Allen v. Equifax Info. Servs., LLC*, 2026 WL 509222, at *4 (N.D. Ill. Feb. 24, 2026) (noting a question of fact may exist where the docket, trustee report, claims register, or furnisher identify the same creditor and same account as discharged with a zero balance and the CRA still reports a balance); *Chuluunbat*, 4 F.4th at 569 (a claim a debt is not owed may present a factual question where the furnisher misidentified the consumer using the wrong social security number). Therefore, Plaintiff has not stated a § 1681e(b) claim under the FCRA.[3]

**B. Experian is Not Required to Scour the Bankruptcy Docket.**

Even assuming for the sake of argument that ascertaining whether Plaintiff's OppsLoan debt was discharged is factual in nature rather than legal (and thus within the purview of a CRA), the Court finds that it would be unreasonable to require Experian (absent an explicit consumer request) to scour individual bankruptcy dockets to determine whether an account was discharged in bankruptcy. Because the "FCRA is not a strict liability statute" and CRAs insulate themselves from liability if they maintain "reasonable procedures to assure maximum possible accuracy" when preparing credit reports under § 1681(e)(b), the statute "does not hold a [CRA] responsible where an item of information, received from a source that it reasonably

---

[3] Plaintiff points to a string of district court cases holding that updating the status of discharged accounts does not require CRAs to make a legal determination. [15] at 5–6 (citing *Laura v. Experian Info. Sols., Inc.*, 2022 WL 823853 (N.D. Ill. Mar. 18, 2022); *MacDonald v. Servis One, Inc.*, 2022 WL 1641722 (N.D. Ill. May 24, 2022)). But these unpublished cases predate *Sykes* and are inconsistent with its result. Further, the ultimate result in *Laura* demonstrates that discharge orders do not paint the full picture where the court later dismissed the case because the debt at issue fell under one of the discharge exceptions, and therefore had not, in fact, been discharged. *Laura v. Experian. Info. Sols., Inc.*, 2023 WL 2646818, at *2 (N.D. Ill. Mar. 27, 2023). *McDonald* is similarly inapposite, as it was brought under § 1681s-2(b). *McDonald*, 2022 WL 1641722, at *4.

believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971–72 (7th Cir. 2004). "Absent such notice, however, the [CRA] may rely on the accuracy of public court documents in preparing a credit report without being subject to liability under the FCRA." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994).

*Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108–09 (8th Cir. 2022) is instructive. There, the Eighth Circuit held that the reasonable procedures requirement of § 1681e(b) does not "require CRAs to wade into individual bankruptcy dockets to discern whether a debt survived discharge" because "simply put, 'the cost of verifying the accuracy of the source' outweighs 'the possible harm inaccurately reported information may cause' a consumer." *Id.* at 1109 (quoting *Henson*, 29 F.3d at 287); *see also Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (rejecting that § 1681e(b) requires CRAs to review every bankruptcy docket to determine the validity of a debt). The same reasoning is directly applicable here—requiring Experian to have individualized procedures for every bankruptcy court in the country would be unduly burdensome. *Childress*, 790 F.3d at 747 (a Lexis representative testified that the variance in bankruptcy docket entries across the ninety-four bankruptcy courts "is so great . . . that Lexis has been unable to develop reliable [] algorithms" to determine when "a particular bankruptcy case has been dismissed"). The Court therefore declines to hold that Experian's reasonable procedures, absent a consumer request, require reviewing an individual bankruptcy

filing to confirm whether a particular debt was discharged. Accordingly, the Complaint is dismissed.

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [12][13] is granted. In light of the ruling, any amendment would be futile. Therefore, the complaint is dismissed with prejudice. Judgment to enter.

E N T E R:

Dated: August 14, 2026

MARY M. ROWLAND
United States District Judge